IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STEPHANIE LYNN JONES,**

    **Plaintiff,**

    v.

                          Civil Action 2:21-cv-1461
                          Chief Judge Algenon L. Marbley
                          Magistrate Judge Elizabeth P. Deavers

**EQUIFAX INFORMATION
SERVICES, LLC,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff Stephanie Lynn Jones' Application to Proceed *In Forma Pauperis*. (ECF No. 2.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Application be **DENIED**.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, (1948), set forth the legal standards governing applications to proceed *in forma pauperis*. The *Adkins* Court advised that "one must not be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id. at* 339. The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id.* Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the

fee and continue to provide for the necessities of life. *Id.* Courts evaluating applications to proceed *in forma pauperis*, generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014).

Here, the information set forth in Plaintiff's *in forma pauperis* application does not demonstrate her inability to pay. Plaintiff's application reflects that she is single, has no dependents, and pays a mortgage on a house. (ECF No. 2 at PAGEID ## 49-50.) Plaintiff's application also indicates that she is employed and earns a net biweekly income of $1,039.41, which places her income at more than twice the poverty level of income for a single person.[1] (*Id.* at PAGEID # 49.) It does not appear, therefore, that the cost of filing the instant matter is beyond Plaintiff's means. *See Schottenstein v. City of Bexley*, No. 2:20-CV-6133, 2021 WL 431459, at *1 (S.D. Ohio Jan. 5, 2021), *report and recommendation adopted*, No. 2:20-CV-6133, 2021 WL 427159 (S.D. Ohio Feb. 8, 2021) (denying motion to proceed *in forma pauperis* where Plaintiff's income was more than twice the poverty level); *Behmlander v. Comm'r of Soc. Sec.*, No. 12-14424, 2012 WL 5457383, at *1 (E.D. Mich. Nov. 8, 2012) (same).

In sum, in view of Plaintiff's income, the Undersigned finds that Plaintiff has not demonstrated that, because of her poverty, she is unable to pay for the costs of this litigation and still provide for herself. It is, therefore, **RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis*, ECF No. 2, be **DENIED** and that she be ordered to pay the required $402 filing fee within **FOURTEEN (14) DAYS** if she intends to proceed.

---

[1] A review of the 2021 Federal Poverty Guidelines available at aspe.hhs.gov indicates that the poverty guideline for a single person is an annual income of $12,880.00. Plaintiff's biweekly net income of $1,039.41 equates to an annual net income of more than $27,000.00.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

Date: April 12, 2021         /s/ *Elizabeth A. Preston Deavers*
                             ELIZABETH A. PRESTON DEAVERS
                             UNITED STATES MAGISTRATE JUDGE